[File No. 7034]

STATE OF NORTH DAKOTA, Respondent, v. DONALD SMITH, minor, alleged delinquent child of Orda Smith Odenbaugh, and Orda Smith Odenbaugh, Appellants.

(25 NW2d 270)

Opinion filed December 12, 1946

*Ralph F. Croal,* for respondent.
*J. E. Hendrickson,* for appellants.

BURR, J.   Proceedings were commenced in the juvenile division of the district court of Cass County charging the defendant Donald Smith with being a delinquent child and setting forth that he was at present in the custody of his mother, Orda Smith Odenbaugh.   The mother was alleged to be an unfit person to have custody of the child and the home she maintained was an unfit place for him in which to live.   The court so found, committed him to the state training school, and defendants appeal.

The record shows that Donald Smith was born in 1930.   In December 1945 proceedings against this minor had been commenced in the juvenile division of the court and he was committed to the state training school at Mandan.   Owing to some serious defects in the proceedings he was released and the matter was again taken up in the juvenile court.

At the hearing counsel made a "special appearance" under the claim that because of the former proceedings the juvenile had been "once placed in jeopardy" and therefore no further proceedings on the same state of facts could be had.

Proceedings under the so-called juvenile law are not prosecutions for crime.   The court inquires into the status of the juvenile, his surroundings and his upbringing.   He may be of the very best character and yet be in a place unfit for him—one that is injurious to his future.   The court inquires into the actions of the juvenile and those in charge of him.   The main purpose is to determine what is the best to do for him.   This may require an investigation of his habits, language and actions.   There is no merit in this objection.

The record shows that the minor is the son of Orda Odenbaugh and Howard A. Smith, her first husband.   The mother obtained a divorce from Smith and afterwards married Theron Oden-

baugh. This marriage was a failure also, and a divorce was secured.

Donald Smith is not in the custody of the father who apparently has abandoned him. He is living with his mother who conducts a rooming house in Fargo. The court examined carefully the charges brought against the juvenile to ascertain their character and tenor, the record of the mother since childhood, to determine her fitness to retain the custody of the child, and the character of the home which she furnished.

The record is not a pleasant one and it is not necessary to set forth the testimony submitted. The juvenile has been in the custody of the court in this proceeding for almost a year now. He had been arrested for malicious mischief, had participated in several escapades with automobiles belonging to others, taken without the consent of the owner, was shown to be guilty of persistent truancy from school, and had been engaged in drinking parties in his own home. He worked at times, and earned good wages. When and where is not shown to any extent. Others with whom he associated may have been worse than he; some were really young criminals, but this is no place to apportion blame. However the incidents are not sporadic.

To commit him to the state training school the court was required to determine two things—is the child a delinquent, and are his parents unfit guardians and improper persons to have his custody? See Re Solberg, 52 ND 518, 203 NW 898. The trial court was justified in finding him to be a delinquent child and we so hold.

The problem before the court then was what to do with him. Even in the case of serious delinquencies the court may not deem it wise to commit the subject to the state training school. He is a ward of the state. The court has to determine what is for his best interest, and in determining this issue is vested with a wide discretion.

The testimony shows that the mother is totally unfit to have the custody of the child. In the record it is stated that some seven

years ago this boy and her other son were taken from her and placed in a farm home. She denies however that Donald was taken from her. She interfered with their discipline, encouraged them to smoke, the people in charge did not want them to remain and they were removed. Her personal record is very poor with no sign of reformation. Without any hesitation the district court determined she was an unfit person to have the custody of this minor. The facts shown reflect very seriously upon her and so we refrain from setting them out. It is enough to say the record is much more than sufficient to sustain this finding.

The final problem that confronted the court was what to do with this juvenile under the circumstances shown. The mother was either unable or unwilling to suggest another home for the child. The juvenile commissioner, who had this matter under consideration for a long time, made no suggestions to the trial court as to a fit place for the boy other than the state training school. No offer is made by anyone to find a place for him, where he would be under proper supervision, nor is any application made for time to find a place. No one offers to take him or employ him.

On this appeal the defendants insist the juvenile should be left in the custody of the mother, at the kind of a home she furnishes and which is to continue as it is. Thus the issue of his custody was narrowed to a choice between leaving him with his mother or committing him to the state training school. The first alternative is out of the question. Clearly the trial court considered that in the state training school he would be under proper supervision, could continue his education, could be paroled and placed in proper surroundings, if this were found justifiable. The training school or the mother—this was the dilemma of the court. Consequently the court determined the school was the proper and the only place to which the child could be sent for his better upbringing and welfare. The record justifies this decision. Two judges of the district court have passed on this question and arrived at the same decision. We cannot say this

disposition should be disapproved. In view of this situation the decision of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE and MORRIS, JJ., concur.